### In re BENDIX.

Patent Appeal No. 3040.

Court of Customs and Patent Appeals.
Dec. 27, 1932.

M. W. McConkey, of Chicago, Ill. (H. O. Clayton, of South Bend, Ind., and N. D. Parker, Jr., of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting for want of invention, in view of the prior art, claims 13, 14, 16, 17, 18, and 19 of appellant's application, filed April 10, 1925.

Claims 13 and 18 are illustrative of the claims in issue, and read as follows:

"13. A disk wheel having a radially-extending body part and formed at its outer periphery to support a rim, in combination with a member secured to the inner face of the body part and having a flange projecting laterally and radially inward, the flange and said body part providing opposed friction surfaces for engagement with an axially-expansible disk brake positioned within the plane of the rim."

"18. A disk wheel having a rim, a load-supporting disk secured marginally within the rim adjacent its outer edge and deformed inwardly thereinto and having a radially-extending load-carrying portion arranged substantially within the load-carrying plane of the wheel and provided with an inner braking surface, and a second disk secured marginally to the inside of the first disk and thence offset and having a radially-extending portion provided with an outer braking surface spaced from and arranged opposite and parallel to the braking surface of the first disk, said second disk being disposed inside of the radial plane of the wheel and in substantial proximity to its load-carrying plane."

The references relied upon are: Aspinwall, 1,612,345, December 28, 1926; Putnam, 1,398,739, November 29, 1921; Putnam, 1,414,375, May 2, 1922; Williams, 1,441,770, January 9, 1923.

The alleged invention relates to vehicle wheels and the brake mechanisms co-operating therewith, and more particularly to the construction and arrangement of a combined disk wheel and disk brake.

Appellant discloses a disk, hereinafter called the "disk wheel," comprising a relatively thin metal disk adapted to support a rim; the intermediate portion of the disk being located substantially in the central or load-supporting plane of the wheel. The disk is mounted upon the wheel hub, and a portion of the disk extended radially from said mounting is utilized as a braking zone, the

same being adapted to be frictionally engaged by a nonrotatable braking member and attached friction disk movable axially of the wheel; also attached to said disk wheel, outside of the braking zone above described, is a metal flange or housing member extending laterally from said disk wheel and then projecting radially inward toward the hub of the wheel in a plane parallel with, but spaced from, said disk wheel in order to form a housing for the braking elements; this housing rotates with the wheel. The radially extending portion of said housing member also forms a braking zone which is adapted to be frictionally engaged by a nonrotatable axially movable braking member to which is attached a friction disk. Mechanism is disclosed for simultaneously moving each of said braking members into frictional engagement with the braking zones upon the disk wheel and upon said housing member.

In rejecting the claims, both tribunals of the Patent Office relied principally upon the reference Aspinwall. This reference shows a car wheel provided with braking surfaces, one of which is formed on the web of the wheel and the other on a plate bolted to the body of the wheel proper. The necessary offsetting of the plate is obtained by securing a seat therefor on an offset portion of the wheel.

The Williams reference shows a portion of a disk of a sheet metal wheel as a braking surface, and Putnam shows a brake member attached to an intermediate zone of a wheel disk.

In its decision the Board said:

"In converting a wheel of the Putnam type to provide axially engaging braking surfaces it is our view that appellant has merely adapted obvious expedients. Clearly, as taught by Aspinwall, there must be an offset either in the body of the wheel, or in the attached cooperating element and we deem it a matter of choice to provide such offset in either. If the continuity of the disk is to be maintained the obvious solution is to provide the necessary offset in the attached plate.

"To summarize: It is not new to provide a wheel with parallel braking surfaces normal to its axis of rotation. It is old to attach a brake element to an intermediate portion of a sheet metal wheel disk. We see no invention in giving to such a disk and such an element a form which will adapt them for cooperation with axially movable braking members."

Appellant contends that there is no suggestion in any of the references of the construction disclosed by him with respect to the offsetting of braking elements outside of the wheel body; that appellant's structure preserves the wheel disk body unchanged, while the Aspinwall reference does not; that the structure shown by Aspinwall traps the heat energy generated during braking, and will effect a material increase in the temperature of the wheel structure, including the rim, resulting, in the case of rubber tires, in melting or vulcanizing the rubber; and, further, that the construction shown by Aspinwall would greatly weaken the wheel because of the recessing to provide the brake housing. Appellant insists that his construction avoids all of these objections to the Aspinwall construction.

All of these contentions of appellant may be conceded to be well founded, but the question remains whether, in view of the references, it required the exercise of the inventive faculty to produce the construction set forth in appellant's claims. In other words, did appellant's construction require anything more than the exercise of mechanical skill in view of the prior art?

It is clear that, when there are parallel braking surfaces upon two disks, said disks being perpendicular to the wheel axis, but spaced one from the other, and said disks being joined together at points radially beyond the braking zone, one disk must be offset with respect to the other. Aspinwall shows such offset within the body of the wheel; appellant shows and claims such offset outside of the body of the wheel. In view of the references, we think the only debatable question is whether placing the offset outside of the body of the wheel, thus distinguishing it from Aspinwall, constituted invention. Upon this question we agree with the Board of Appeals that appellant's construction is merely an obvious expedient in view of Aspinwall, and called only for the exercise of mechanical skill.

For the reasons stated, we are in accord with the views of the Board of Appeals above quoted, and its decision is affirmed.

Affirmed.